PINDELL *v.* BRANDSTUTTER ET AL.

(No. CV-82-6-574—Decided
October 31, 1983.)

Brown County Court.

*Mr..Thomas F. Grennan,* for plaintiff.
*Mr. T. David Burgess,* for defendants.

CLARK, J. This matter came on to be heard by this court on May 19, 1983, and continued in progress to September 22, 1983. Between hearing dates Herman Brandstutter died and his estate was substituted as a party-defendant at the September hearing.

The facts are as follows: In the spring and summer of 1982, Helen and Herman Brandstutter entered into negotiations with Robert Pindell to purchase beef from him. The beef in question had a dressed weight of eight hundred ten pounds, and the Brandstutters took delivery of it from a company whose services were secured to slaughter and dress it. The Brandstutters paid Pindell a total of $340, and there is a balance still owed. That much is not in dispute. The dispute is with respect to the price per pound agreed on. The Brandstutters claim the price agreed on was $.60 per pound and that they owe Pindell $146 (810 × .60 = 486 − 340 = $146). Pindell claims the price was $1.20 per pound and that the Brandstutters owe $632 (810 × 1.20 = 972 − 340 = $632). To the extent the parties struck any bargain at all, they did so orally. There never was a writing signed by both parties. There were however introduced into evidence various scraps of notepaper, some of which stated a balance due as calculated by Pindell. Other notations from the Brandstutters stated no exact balance due but indicated a shortness of funds and an intention to make good on the bill.

This is a case which might bedevil a first-year law student on his final examination in the law of contracts. It includes as well the Uniform Commercial Code as adopted by this state although counsel for neither party brought that up. At the very least this matter may serve as an expensive lesson to the parties involved to reduce to writing any future weighty bovine matters.

The first question, of course, is whether there was a contract at all. Was there some basic meeting of the minds such that an agreement, however flawed, was reached? The court is of the opinion that there was an agreement. But having established that there was an agreement it must now be asked whether the agreement is enforceable at law. That is, was there a contract?

The Statute of Frauds is specified in Civ. R. 8 (C) as an affirmative defense. As counsel for defense failed to raise it, it is waived herein, but the court chooses to address the issue, albeit academically.

The Statute of Frauds exists in the Revised Code in several places, most notably, R.C. 1335.01, which does not refer to the sale of goods, and R.C. 1302.04 (which enacts UCC 2-201), which refers specifically to the sale of goods. It is the view of this court that beef is

"goods" as that term is used in the Uniform Commerical Code and that counsel for the defendants might in the interests of thoroughness have raised R.C. 1302.04(A), sale of goods over $500, but that if he had done so, counsel for plaintiff would likely have cited R.C. 1302.04 (C)(3), goods received and accepted.

There was testimony from both sides about conversations over a kitchen table, in a living room with a television blaring in the background, and apparently in a barn in the presence of the beef in question before he met his end. The Brandstutters stoutly maintain $.60 per pound was the agreed price. In support of this claim two of their children testified, both of whom reported to the court that they had paid no heed to the adult conversations nearby, except that each clearly remembers having heard $.60 per pound as the price for the beef. Indeed, the Brandstutters' daughter testified to that effect while admitting she had a hearing problem. The court finds this testimony incredible.

This must return the court to the basics of contract law. There was an agreement to buy and pay for the beef, but the court finds no agreement as to price and hence finds that this partially-performed agreement is enforceable under R.C. 1302.04(C)(3) and general hornbook law of contracts in *quantum valebant,* and not pursuant to price figures alleged by either party.

An expert, from the firm which slaughtered and dressed the beef testified that the market price for beef the date the work was done by her firm for the parties herein was $1.20 per pound. This is the price the court hereby sets, and the court does so specifically under its *quantum valebant* view stated above and not because this is the same price quoted by Pindell.

It is therefore the judgment of this court that the reasonable price for the beef is $1.20 per pound and that allowing for the $340 agreed paid by the defendants there remains owing to plaintiff the sum of $632 and the costs of this action.

So ordered.

*Judgment for plaintiff.*